IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LOUIS DAVIS, | ) |
| | ) |
|       Petitioner, | ) |
| | ) |
| vs. | )    CIVIL NO. 10-cv-548-JPG |
| | ) |
| ROBERT D. BURNS, | ) |
| | ) |
|       Respondent. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Petitioner, currently incarcerated in the Jackson County Jail, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement. Petitioner also seeks leave to proceed *in forma pauperis* (Doc. 3) pursuant to 28 U.S.C. § 1915.

Leave to proceed *in forma pauperis* (Doc. 3) is **GRANTED**.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

According to the petition, Petitioner has been convicted of - but has not yet been sentenced for - failing to register as a sex offender. The petition also states that Petitioner has filed an appeal

with the state appellate court and that the appeal is "pending."[1]

As noted by the Seventh Circuit Court of Appeals,

> A federal court cannot address the merits of constitutional claims brought in a petition for habeas corpus relief unless the state courts have had a full and fair opportunity to review them. . . .
>
> Before considering a petition for habeas corpus on its merits, a district court must make two inquiries – whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings. If the answer to either of these inquiries is "no," the petition is barred either for failure to exhaust state remedies or for a procedural default.
>
> A federal habeas petitioner is required under 28 U.S.C. § 2254(b) to exhaust state remedies before a federal court will consider his claims. This rule reflects the policy of providing the state courts a full and fair opportunity to review the petitioner's claims through its own judicial processes before asserting federal review. Exhaustion is accomplished when claims have been presented to the highest state court for a ruling on the merits, or, when the claims could not be brought in state court because no remedies remain available at the time the federal petition is filed.

*Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED,** without prejudice, because Petitioner has failed to exhaust his state remedies. All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**Dated: September 22, 2010.**

                                                   s/ J. Phil Gilbert
                                                   U. S. District Judge

---

[1] Petitioner, however, believes that his state appeal will be dismissed since the weight of current law is against his legal argument.